*Filed in open Court this 19th day of March 2008*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action No. 07-162-JJF |
| COLLIN ROMEO COLE, ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware and Christopher J. Burke, Assistant United States Attorney for the District of Delaware, and the defendant, Collin Romeo Cole, by and through his attorney, Keir Bradford, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with illegal re-entry after deportation, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2), a crime that carries a maximum penalty of twenty years incarceration, a $250,000 fine, three years of supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count One of the Indictment beyond a reasonable doubt: (i) the defendant is an alien; (ii) the defendant was deported from the United States; (iii) after deportation, the defendant was found in the United States; and (iv) the defendant returned to the

FILED

MAR 19 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

United States without the permission of either the Attorney General of the United States or the Undersecretary for Border and Transportation Security, Department of Homeland Security.

3. The defendant knowingly, voluntarily and intelligently admits that he is a native and citizen of Jamaica, that he was deported from the United States on or about April 28, 2005, that he subsequently knowingly re-entered the United States and that he was found in the United States by United States Immigration and Customs Enforcement agents on or about November 2, 2007. The defendant further admits that prior to this re-entry into the United States, he had not received permission to re-enter from U.S. immigration authorities, including the Attorney General of the United States or the Undersecretary for Border and Transportation Security, Department of Homeland Security.

4. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, and the Government will move for an additional one-point reduction, pursuant to United States Sentencing Guideline Section 3E1.1.

5. The defendant understands that the Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing

ordered.

7.  It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

_____
Keir Bradford, Esquire
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney

By: _____
Christopher J. Burke
Assistant United States Attorney

_____
Collin Romeo Cole
Defendant

Dated: March 17, 2008

AND NOW, this __19__ day of __March__, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Joseph J. Farnan, Jr.
United States District Judge

3